# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| BRITHRIC ENTERPRISES, LLC and BRITHRIC ENTERPRISES REALTY, LLC dba BE REALTY, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) No. 20-cv-4696 |
| BAY EQUITY LLC, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Brithric Enterprises, LLC ("Plaintiff BE") and Plaintiff Brithric Enterprises Realty, LLC dba BE REALTY ("Plaintiff BE REALTY") (together, "Plaintiffs"), by and through their undersigned counsel, hereby file this Complaint against Defendant Bay Equity LLC ("Defendant" or "Bay Equity"). In support thereof, Plaintiffs state as follows:

## INTRODUCTION

1. This is an action for unfair competition pursuant to the Lanham Act (15 U.S.C. § 1125(a)), False Registration (15 U.S.C. § 1120), violation of the Uniform Deceptive Trade Practices Act (815 ILCS § 510) and Illinois Consumer Fraud And Deceptive Business Practices Act (815 ILCS § 505), and violation of Illinois unfair competition laws.

2. This action results from, *inter alia*, Defendant's unauthorized and knowing use and registration of a trademark confusingly similar to Plaintiffs' BE and BE REALTY marks and logos, as well as Defendant's willfully deceptive and fraudulent business practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1338(b) and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) and 15 U.S.C. § 1221 because, *inter alia*, a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendant has promoted its services online and offline in this district while using a mark confusingly similar to Plaintiff's BE and BE REALTY marks and logos.

## PARTIES

5. Plaintiff Brithric Enterprises, LLC ("Plaintiff BE") is an Illinois limited liability company with its principal place of business located at 3352 N. Sheffield Ave., Chicago, Illinois 60657. Plaintiff BE owns the BE REALTY mark and logo.

6. Plaintiff Brithric Enterprises Realty, LLC dba as "Be Realty" ("Plaintiff Be Realty") is an Illinois limited liability company with a principal place of business located at 3352 North Sheffield Ave., Chicago, Illinois 60657. Plaintiff BE licenses the marks at issue to Plaintiff Be Realty.

7. Defendant is a California limited liability company with its principal place of business located at 28 Liberty Ship Way, Suite 2800, Sausalito, CA 94965 or 770 Tamalpais Drive, Suite 207, Corte Madera, CA 94925. On information and belief, one of Defendant's Illinois offices is located at 6619 Cermak Rd, Berwyn, IL 60402.

## BACKGROUND

8. Since as early as December of 2012, Plaintiffs have used the **be**realty mark for, among other things, residential real estate services, including real estate brokerage services and mortgage-related services. *See* Exhibits 1-2.

9. For nearly a decade, Plaintiffs have built a reputation for 5-star service throughout the U.S. and Canada under the BE REALTY name and **be**realty logo mark.

10. Indeed, Plaintiff Be Realty filed for and was granted a dba for "BE REALTY" *eight* years ago in July of 2012, and it has since exclusively held itself as and promoted its services under the BE REALTY name. *See* Exhibit 3

11. Since at least May of 2014, Plaintiff Be Realty has used the BE mark and **be** logo mark in connection with its residential real estate transactions services, including brokerage services. *See* Exhibit 4.

12. In addition to the **be** and **be**realty marks, Plaintiffs' family of marks also includes the trademarked tagline "BE WHERE YOU WANT TO BE, BE REALTY" (Reg. No. 4222829) (together, "Plaintiffs' Be Marks"); however, Plaintiffs are it is best-known to consumers by the shorthand "BE." *See* Exhibit 5-6.

### Defendant's Trademark Infringement

13. Starting in late December of 2018 or early January of 2019, Defendant began using the marks **be** and **be** in connection with, among other things, residential real estate transactions services, including mortgage brokerage services ("Defendant's Be Marks"). *See* Exhibit 7.

14. Based on online and offline evidence and Defendant's trademark applications, for over a decade, Defendant used and held itself out as "Bay Equity" and "PinPoint Mortgage"—until January of 2019 when it suddenly began using the infringing Defendant's Be Marks.

15. Put another way, Plaintiffs have clear priority over the use of "BE" marks in connection with residential real estate transaction services, including brokerage services and mortgage-related services, by at least *six* years.

16. Notably, Plaintiffs have never objected to, and do not now object to, Defendant's use of Defendant's "Bay Equity" or "PinPoint Mortgage" name or mark.

17. However, Plaintiffs have objected to, do object to, and have been damaged by Defendant's unlawful use of and invalid registration of the infringing [be] and [be] marks for use in connection with residential real estate transactions services, including mortgage brokerage services, which is confusingly similar to Plaintiffs' Be Marks used for, among other things, residential real estate transactions services, including brokerage services and mortgage-related services.

18. In June of this year, after Defendant began growing its consumer presence in Illinois, Plaintiffs contacted Defendant to attempt to resolve the trademark issue in a reasonable and amicable manner by sending a respectful letter demanding that Defendant cease using Defendant's Be Marks and go back to using its full name "Bay Equity." *See* Exhibit 8.

19. Although Plaintiffs' brand and goodwill had already been damaged by Defendant's unauthorized use and registration of Defendant's Be Marks, Plaintiff nonetheless offered to resolve the issue without any monetary payment, and with a full release of liability for Defendant, as long as Defendant stopped using the infringing marks and abandoned its federal trademark registration and application for the infringing marks. *See* Exhibit 8.

20. Despite multiple good-faith communications by Plaintiff, however, Defendant declined to agree to Plaintiff's reasonable terms, and thus Plaintiffs were forced to bring this action.

21. To this day, Defendant continues to use the confusingly similar "BE" marks and logo in connection with residential real estate transactions services, including brokerage services in Illinois and throughout the nation, as it continues to direct consumers to its website using the "BE" logo mark.

22. Plaintiffs have invested substantial time, effort, and money promoting, marketing, advertising, and building up Plaintiffs' Be Marks.

23. As a result of the continuous and considerable effort and investment, Plaintiffs' Be Marks have become, through public acceptance and recognition, an asset of substantial value symbolizing Plaintiffs' quality of services and goodwill.

24. Plaintiffs have never authorized, licensed, or otherwise permitted Defendant to use Plaintiff's Be Marks or any confusingly similar marks.

25. Most importantly, Defendant has begun using Defendant's Be Marks and branding more prominently, particularly in Illinois—one of Plaintiff's primary markets.

26. Without court intervention, the likelihood of confusion will only escalate, Plaintiffs' brand and goodwill will only be further diminished, Plaintiffs will continue to lose control of its reputation, and Plaintiffs will suffer escalating damages.

## COUNT I
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

27. Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-26 of this Complaint as if set forth fully herein.

28. Defendant has passed off and continues to pass off its services as Plaintiffs' services by knowingly and intentionally using a confusingly similar variation of Plaintiffs' name and mark in connection with residential real estate transactions services, including mortgage brokerage services without Plaintiffs' authorization.

29. The relevant public has believed, and is likely to increasingly believe in the future, that Defendant's services originate with, are licensed by, are sponsored by, are connected with, or otherwise associated with Plaintiffs.

30. Defendant's unauthorized use of the infringing mark falsely represents Defendant as being legitimately connected with Plaintiffs and places Plaintiffs' reputation beyond Plaintiffs' control.

5

31. Defendant's willful tortious conduct has proximately and in fact caused Plaintiffs damages, including consumer confusion, sales diversion, lost goodwill, loss of advertising investment, and loss of control of Plaintiffs' reputation.

32. Defendant's unlawful and willful conduct will continue to irreparably damage Plaintiffs unless enjoined by this Court.

WHEREFORE, Plaintiffs pray that this Honorable Court enter an order and judgment in favor of Plaintiffs and against Defendant as follows:

(a) A permanent mandatory injunction ordering Defendant to stop passing its services off as Plaintiffs' services by not using the "BE" name, mark, or logo—or any similar variation thereof—in connection with mortgage and real estate services;

(b) Damages associated with the infringement, in an amount to be determined at trial, but in no event less than $100,000;

(c) Plaintiffs' costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

(d) Both pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court finds just and equitable.

## COUNT II
## FALSE REGISTRATION (15 U.S.C. § 1120)

33. Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-32 of this Complaint as if set forth fully herein.

34. On information and belief, prior to applying for the federal trademark registration for BE (Reg. 6029963), Defendant was aware of Plaintiffs and their interstate commerce use of the BE REALTY and BE marks and logos for real estate brokerage services and mortgage-related services.

35. On information and belief, despite this knowledge, Defendant knowingly falsely represented under oath in its federal trademark application before the United States Patent and Trademark Office ("USPTO") that "after an inquiry reasonable under the circumstances," it did not know or believe any other person had "the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

36. As a result of Defendant's deliberately and materially false and misleading representations, the USPTO ultimately registered—and Defendant falsely procured—the (be) mark.

37. Most importantly, Defendant's registration has caused Plaintiffs damages, including loss of goodwill and distinction in the market, increased difficulty in enforcing its mark and rights, the inability to register several of Plaintiffs' Be Marks, and overall consumer confusion of ownership.

WHEREFORE, Plaintiffs pray that this Honorable Court enter an order and judgment in favor of Plaintiffs and against Defendant as follows:

(a) The cancellation of Defendant's federal trademark registration and any similar pending applications;

(b) Damages associated with Defendant's false registration, in an amount to be determined at trial, but in no event less than $10,000;

(c) Plaintiffs' costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

(d) Both pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court finds just and equitable.

## COUNT III
## VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510)

38. Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-37 of this Complaint as if set forth fully herein.

39. Through its use of confusingly similar marks for mortgage brokerage services and other related real estate-based services, Defendant has passed off and continues to pass off its services as Plaintiffs' services and has caused and continues to cause the likelihood of confusion and misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of its services. 815 ILCS § 510/2(a)(1)-(3), (12).

40. Defendant's knowing tortious conduct proximately and in fact cause Illinois consumers and Plaintiffs damages through consumer confusion, and Defendant will continue to do so unless enjoined by this Court.

WHEREFORE, Plaintiffs pray that this Honorable Court enter an order and judgment in favor of Plaintiffs and against Defendant as follows:

（a) A permanent mandatory injunction ordering Defendant to stop unfairly confusing consumers;

(b) Plaintiffs' costs and reasonable attorneys' fees pursuant to 815 ILCS § 510/3;

(c) Such other and further relief as this Court finds just and equitable.

## COUNT IV
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (815 ILCS § 505/1)

41. Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-40 of this Complaint as if set forth fully herein.

42. Plaintiffs have a valid and protectable right in Plaintiffs' Be Marks.

43. Plaintiffs' mark is inherently distinctive or has otherwise acquired distinctness.

44. Defendant's unauthorized use of the **be** and **be** marks has caused and continues to cause the likelihood of confusion and misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of its services, thereby constituting a violation of the Consumer Fraud and Deceptive Business Practice Act.

45. As a direct and proximate result of the above-mentioned acts, practices and conduct, Plaintiffs have been and are likely to be substantially damaged in their business, including their reputation and goodwill, for which the Plaintiffs have no adequate remedy at law.

46. Unless enjoined by this Court, the Defendant will continue to engage in deceptive business practices to the Plaintiffs' irreparable injury.

47. The threat of future injury to the general public and to Plaintiffs' business, identity, goodwill and reputation necessitates the award of injunctive relief to prevent the Defendant's continued wrongful and false acts.

WHEREFORE, Plaintiffs pray that this Honorable Court enter an order and judgment in favor of Plaintiffs and against Defendant as follows:

    (a) A preliminary and permanent mandatory injunction ordering Defendant to stop passing its services off as Plaintiffs' services by not using the "BE" name, mark, or logo—or any similar variation thereof—in connection with any mortgage and real estate services;

    (b) Damages associated with the infringement, in an amount to be determined at trial, but in no event less than $100,000;

    (c) Such other and further relief as this Court finds just and equitable.

## COUNT V
## **VIOLATION OF ILLINOIS UNFAIR COMPETITION (ILLINOIS COMMON LAW)**

48. Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-47 of this Complaint as if set forth fully herein.

49. Defendant's knowing and unauthorized use of the "BE" marks in connection with the advertising and sale of mortgage brokerage services and other real estate-related services has caused and will continue to cause consumer confusion as to the source of the services at issue, as well as the sponsorship and/or affiliation of Plaintiffs to those services.

50. As an actual and proximate result of Defendant's unfair competition, Plaintiffs have suffered extensive damages, including diversion of sales, loss of goodwill and control of over their reputation, and related damages.

51. Defendant's unfair competition has been willful and intentional.

WHEREFORE, Plaintiffs pray that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant as follows;

(a) For damages to Plaintiffs, in an amount to be determined at trial, but in no event less than $100,000.

(b) Both pre-judgment and post-judgment interest; and,

(c) Such other and further relief as this Court finds just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).

Date: August 10, 2020
Respectfully submitted,
/S/DALIAH SAPER
DALIAH SAPER
MATT GROTHOUSE
BRANDON BEAMER

SAPER LAW OFFICES, LLC
505 N. LASALLE, SUITE 60654
CHICAGO, ILLINOIS 60654
(312) 527-4100
DS@SAPERLAW.COM